﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200623-103391
DATE: March 31, 2021

REMANDED

Entitlement to service connection for a skin disability, to include skin cancer, including as due to Agent Orange exposure, is remanded.

REASONS FOR REMAND

The Veteran had active duty service from June 1962 to September 1989.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2015 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran selected the Direct review lane without a Board hearing when he submitted a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)) in June 2020, and noting the April 2020 Supplemental Statement of the Case (SSOC), when he opted into the Appeals Modernization Act (AMA) framework. Accordingly, the Board will consider the evidence of record at the time of the April 2020 SSOC (the decision on appeal). 

Entitlement to service connection for a skin disability, to include skin cancer, including as due to Agent Orange exposure, is remanded.

The Veteran asserts that his current skin disability is related to service, including his exposure to Agent Orange. His personnel records reveal that he served in Vietnam. Thus, Agent Orange exposure is presumed. His September 1989 retirement skin examination reveals a diagnosis of acne. 

The Veteran submitted private treatment records in January 2016. A November 2014 record reveals diagnoses of actinic keratosis and seborrheic keratosis. A biopsy by shave method was performed to rule out basal cell carcinoma. A history of malignant melanoma was reported, with a well healed scar over the right shoulder. 

The Veteran underwent a VA examination in December 2019, at which time he was diagnosed with an excision of malignant melanoma of the right shoulder. The examiner indicated that his melanoma was not related to Agent Orange or sun exposure given that it can grow very quickly and he was not diagnosed with melanoma until 2006. 

After a review of the evidence, the Board finds that a remand is necessary in order for the RO to correct duty to assist errors that occurred prior to the April 2020 SSOC. In this regard, the Veteran’s private treatment records reveal that he underwent a skin biopsy in November 2014 to rule out basal cell carcinoma. However, the results are not contained in the file and were not requested by the RO. 

Moreover, the Board finds that the December 2019 VA examination is insufficient to determine the present claim. In this regard, the examiner failed to discuss the Veteran’s additional skin disabilities of actinic keratosis and seborrheic keratosis. Moreover, the examiner failed to discuss the articles submitted by the Veteran indicating the risk between Agent Orange and skin cancer. 

Accordingly, a remand is warranted for the RO to obtain the November 2014 biopsy results and a new VA examination to determine the nature and etiology of any skin disabilities and/or skin cancer.

The matter is REMANDED for the following actions:

1. Ask the Veteran to sign a release to obtain the biopsy results from November 2014. If he fails to furnish such release, he is advised to submit the records. All attempts to obtain the records should be documented in the claims file. 

2. After completion of #1, forward the claims file, including a copy of this remand, to an appropriate clinician to determine the nature and etiology of any skin disability or skin cancer. The claims file should be reviewed by the examiner and such review should be noted in the examination report. 

The examiner should identify and discuss all skin disabilities found on examination and/or identified during the pendency of this claim (from March 2015), including actinic keratosis, seborrheic keratosis, melanoma, and basal cell carcinoma. If the examiner disagrees with a diagnosis contained in the records, he or she should explain why. 

The examiner should respond to the following: For any diagnosed skin disability, is it at least as likely as not (probability of at least 50 percent) that the Veteran’s skin disability had its onset in and/or is otherwise etiologically related to his period of active service, including his conceded exposure to Agent Orange?

The examiner should state whether any identified skin disability is directly related to Agent Orange instead of making a determination based on the skin disability not being noted on the presumptive list. 

The examiner must provide a comprehensive rationale for each opinion provided. Specifically, the examiner should discuss the articles submitted by the Veteran linking skin cancer to Agent Orange exposure. The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports are to be considered in formulating any opinion. 

If any opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner does not have the knowledge or training.  As appropriate, the AOJ should conduct additional development or supplement the record.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. (Hurley) Merrick

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.